OPINION
{¶ 1} On August 5, 1999, appellant, Mark McLaughlin, and appellee, Michael Litman, entered into a land installment contract whereby appellant would make payments to appellee in exchange for property located in Sullivan, Ohio.
 {¶ 2} On February 25, 2005, appellee filed a forcible entry and detainer action against appellant and his tenant/wife, Lori McLaughlin, based upon appellant's failure to pay on the land contract.
 {¶ 3} A trial commenced on April 4, 2005. Appellant did not appear or otherwise defend; however, Lori McLaughlin did appear. By judgment entry filed April 15, 2005, the trial court granted default judgment against appellant, forfeited the land contract agreement, entered judgment against Lori McLaughlin and ordered restitution of the premises to appellee.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICAL ERROR BY ORDERING A LAND CONTRACT FORFEITED WHERE THE COURT LACKED JURISDICTION TO DO SO AND DEFENDANT-APPELLANT MARK McLAUGHLIN WAS NOT SERVED WITH THE COMPLAINT."
 I {¶ 6} Appellant claims the trial court erred in granting the writ of restitution in the forcible entry and detainer action. Specifically, appellant claims the trial court lacked personal jurisdiction because of a lack of service, and proper procedures regarding a land contract agreement were not followed. We disagree.
 {¶ 7} The clerk of court directed a bailiff to carry out personal/residential service upon appellant and Lori McLaughlin pursuant to R.C. 1923.06(D)(1)(b). In the return of service dated March 3, 2005, the bailiff indicated he served the parties at the same address by leaving the summons and a copy of the complaint with "Kelly Siese a person of suitable age and discretion then residing therein" in compliance with R.C. 1923.06(D)(2)(b). Ordinary mail service to the parties was issued on March 2, 2005 pursuant to R.C. 1923.06(C).
 {¶ 8} The summons indicated the hearing would occur on March 28, 2005. On March 21, 2005, appellant requested a continuance of the hearing because he would be on vacation out of state on said date. By judgment entry filed March 22, 2005, the trial court granted the motion and rescheduled the hearing to April 4, 2005. Lori McLaughlin appeared at the hearing on April 4, 2005, but appellant did not. T. at 3.
 {¶ 9} Pursuant to Civ.R. 4.1(C), service of process was accomplished at the residence of appellant:
 {¶ 10} "Residence service shall be effected by leaving a copy of the process and the complaint, or other document to be served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein. The clerk of the court shall issue the process, and the process server shall return it, in the same manner as prescribed in division (B) of this rule."
 {¶ 11} Upon review, we conclude service was proper pursuant to the civil rules and appellant was duly served.
 {¶ 12} Appellant also claims the procedures used in this case were incorrect. It is important to note that with service completed on March 3, 2005, appellant had twenty-eight days to answer or otherwise defend. See, R.C. 1923.06(G)(2). Up to and including the date of the trial, April 4, 2005, appellant had not filed an answer. Objections were never made via answer or during the hearing as to the appropriate procedures. We conclude appellant waived the issue and appellant Mark McLaughlin, the only signature to the land contract, was in default.
 {¶ 13} Upon review, we find the trial court did not err in its decision.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Ashland Municipal Court of Ashland County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court of Ashland County, Ohio is hereby affirmed.